**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0199-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN A. GUADALUPE,

    Defendant-Appellant.

_____

Submitted June 5, 2019 - Decided June 14, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 77-09-0009.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Juan A. Guadalupe appeals from the denial of his petition for post-conviction relief, contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing.  Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

Defendant was convicted by a jury in 2012 of conspiracy to commit rape, N.J.S.A. 2A:98-1, and kidnapping, N.J.S.A. 2A:118-1, in connection with the sexual assault of a nineteen-year-old woman biking on a country road in Alloway Township in 1977.  His co-defendant was arrested shortly after the crimes were reported and spent thirty-five years in prison for his role in the attack.  Defendant fled New Jersey shortly after the crimes and was finally apprehended in Puerto Rico in 2011 on an open warrant following a routine traffic stop.  Finding aggravating factors three, the risk defendant would commit another offense, and nine, the need to deter, N.J.S.A. 2C:44-1(a)(3) and (9), outweighed mitigating factor seven, defendant's minimal criminal record, N.J.S.A. 2C:44-1(b)(7), the judge sentenced defendant to an aggregate term of thirty years in State prison.  We affirmed defendant's conviction, State v. Guadalupe, No. A-3333-12 (App. Div. Oct. 3, 2014), and the Supreme Court

A-0199-17T4

denied defendant's petition for certification, State v. Guadalupe, 221 N.J. 219 (2015).

In his petition for post-conviction relief, defendant claimed, among other things, that his trial counsel was ineffective for failure to have moved to dismiss the indictment or bar the entry of judgment on grounds of fundamental fairness. He also contended his counsel failed to investigate or present mitigating factors at sentencing.

After hearing argument by assigned counsel, Judge Lawhun issued a comprehensive written opinion denying the petition on the basis that defendant had failed to establish a prima facie claim for relief. See State v. Preciose, 129 N.J. 451, 462-64 (1992). The judge noted defendant's trial counsel had moved to dismiss the indictment on speedy trial grounds, which she determined was substantially equivalent to the motion defendant asserted his counsel should have made. Moreover, the judge found nothing in the record or counsel's arguments to suggest a motion to dismiss based on fundamental fairness had any reasonable chance of success. See State v. Fisher, 156 N.J. 494, 501 (1998) (noting a defendant arguing his counsel was ineffective for failure to file a motion must demonstrate the claim he argues should have been asserted is meritorious).

A-0199-17T4

As for the failure to present mitigating factors at sentencing, defendant argued his counsel was ineffective for failing to urge mitigating factor eight, that defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8), and mitigating factor nine, the character and attitude of defendant indicate that he is unlikely to commit another offense, N.J.S.A. 2C:44-1(b)(9). Defendant further argued his counsel should have argued that aggravating factor three, the risk defendant would commit another offense, N.J.S.A. 2C:44-1(a)(3), should not have been applied based on defendant's acknowledgment of two convictions in Puerto Rico in his pre-sentence interview instead of on the basis of certified records of those convictions.

The judge found defendant's claim his counsel was ineffective at sentencing to be procedurally barred under Rule 3:22-4, because no argument as to defendant's sentence was presented on direct appeal. Considering the claim on the merits notwithstanding, the judge noted defendant's trial counsel filed a sentencing memorandum in which he argued "several substantial mitigating circumstances in support of a lesser sentence." The judge thus rejected defendant's reliance on State v. Hess, 207 N.J. 123 (2011), finding it inapplicable because there the Court found sentencing counsel ineffective for failing to argue anything in mitigation, including the considerable evidence

4

available that the defendant "was a physically and psychologically battered woman, who had been threatened and had feared for her life," id. at 138. Because defendant could not show his counsel was ineffective under the first prong of the Strickland test, the judge did not consider the second prong. See Strickland v. Washington, 466 U.S. 668, 697 (1984) (noting a court need not address both prongs "if the defendant makes an insufficient showing on one").

On appeal, defendant reprises his arguments about his counsel's ineffectiveness at sentencing in a single point:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO INVESTIGATE AND RAISE APPLICABLE MITIGATING FACTORS.

We reject his argument as without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm the denial of defendant's petition substantially for the reasons set forth in Judge Lawhun's August 2, 2017 cogent and well-reasoned written opinion. We add only that the mitigating factors defendant claims his counsel failed to raise were merely variations on the theme his counsel strenuously asserted to the sentencing court, that is that defendant had lived a law-abiding life in the thirty-four years following the crimes and had addressed the substance abuse problem he

5

suffered when he committed them. The State argued the court should reject any notion of defendant having lived a law-abiding life after he assaulted the victim because defendant was a fugitive for those years. The sentencing judge acknowledged both arguments and gave moderate weight to that mitigating factor, finding it outweighed by the moderate weight accorded to the likelihood that defendant would commit another offense and the substantial weight given to the need to deter. We cannot find any prejudice to defendant by his counsel's failure to assert the specific mitigating factors his counsel did not raise at sentencing. See Strickland, 466 U.S. at 694 (noting defendant's burden to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0199-17T4